IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHERON B. DOSS | ) | |
| | ) | |
| v. | ) | NO. 3:19-0265 |
| | ) | |
| CITIZENS SAVINGS and TRUST. | ) | |
| COMPANY, d/b/a CITIZENS BANK, et al. | ) | |

**TO: Honorable Aleta A. Trauger, District Judge**

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 9, 2019 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss and/or for summary judgment (Docket Entry No. 31) filed by Defendant Citizens Savings and Trust Company d/b/a Citizens Bank. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

I. BACKGROUND

Sheron B. Doss (" Plaintiff") is a resident of Nashville, Tennessee. She filed this *pro se* lawsuit against Citizens Savings and Trust Company, d/b/a Citizens Bank ("Citizens Bank" or "Defendant"), Richard Manson ("Manson"), and Sergio Ora ("Ora"). *See* Complaint (Docket Entry No. 1).[1] Plaintiff's lawsuit centers around a loan ("the Loan") for $75,000.00 that she obtained from Citizens Bank in 2014, the proceeds of which she used to pay off other debts. *See* Complaint at ¶¶ 1

---

[1] Manson and Ora, who were alleged to be corporate officers of Citizens Bank, were dismissed upon their motion by Order entered June 25, 2019 (Docket Entry No. 35).

and 15. The loan term is for 15 years at a fixed interest rate of 5.0 % with a monthly principal and interest payment of $593.10. *See* Docket Entry No. 1-1. Plaintiff's residence at 7921 River Fork Drive, Nashville, Tennessee ("the Property") is pledged as security for the Loan.[2]

Plaintiff asserts that she began making payments as she agreed to in the Loan but she lost her job in 2015 and thereafter filed a Chapter 13 bankruptcy. *Id*. at ¶ 17. Plaintiff alleges that she was "dismissed from Chapter 13 Bankruptcy protection on or about November 18, 2018" and "was advised by legal counsel to start making payment . . . directly [to] defendants and to continue seeking account information. This was done." *Id*. at ¶ 19. Plaintiff asserts that in the aftermath of her dismissed bankruptcy proceeding, she had difficulty obtaining monthly statements or an accounting of the Loan that showed her current indebtedness, how the funds she had paid were allocated, and that explained the basis for amounts which Citizens Bank says were owed by her on the Loan. *Id*. at ¶¶ 20-28. She asserts that, although she eventually obtained an on-line electronic statement, Citizen's bank employees have told her during telephone calls that her payments are different amounts, *id.* at ¶¶ 20-22, and she has received demand letters seeking amounts that she contends do not appear to take into account payments that have been made. *Id*. at ¶¶ 23-24. Plaintiff further contends that she has spoken to representatives of Citizens Bank on several occasions about the matter and about an offer to "restructure her loan" but that when Citizens Bank learned that she had filed a complaint with the Federal Reserve Corporation, its representatives thereafter "expressed their concerns and dismay with [Plaintiff's] report and became confronting and no longer willing to assist." *Id*. at ¶¶ 25-29. Plaintiff also alleges that Citizen Bank has repeatedly threatened to foreclose on the Property. *Id*. at ¶ 2.

Plaintiff filed her lawsuit on April 1, 2019, seeking: (1) injunctive relief to stop a foreclosure on the Property;[3] (2) actual damages of $23,899.40, which she attributes to wrongful fees, charges,

---

[2] *See* Docket Entry No. 26-3.

[3] Shortly after filing her complaint, Plaintiff filed a motion for a preliminary injunction to stop an anticipated foreclosure of the Property. *See* Docket Entry No. 9. The Court denied this motion by Order entered June 25, 2019. *See* Docket Entry No. 35.

and interest that she has incurred because of Defendant's actions; and, (3) exemplary damages of $250,000.00 because of Defendant's outrageous conduct. *Id.* at ¶¶ 2 and 45. Plaintiff sets out three claims. First, she alleges a breach of contract. Specifically, she alleges that:

> [Defendant] knowingly and willfully breached the mortgage loan by failing to provide accurate and ongoing account information such as balance and monthly payments due; failure in paying or refunding property tax funds; failing to provide and pay proper insurance payments as agreed and failing to account for actual payments made; all which are essentials to this mortgage contract. [Defendant] knew or should have known of such conditions and had repeated and ample opportunities to notify plaintiff and to correct these breaches.

*Id.* at ¶ 30. She also asserts claims for violations of "Title 12,12 CFR 1026 (Regulation Z), et al., Special Rules for Certain Mortgage Transactions," and violations of "12 CFR Part 1006 (Regulation F), et al., Fair Debt Collection Practices." *Id.* Plaintiff contends that the Court has federal question jurisdiction over her lawsuit under 28 U.S.C. § 1331 and also has supplemental jurisdiction under 28 U.S.C. § 1367 over her state law claim. *Id.* at ¶¶ 3-6.

Upon Defendant's filing of an answer (Docket Entry No. 10), the parties were directed by the Court to make an attempt to resolve and settle the case, *see* Order entered May 6, 2019 (Docket Entry No. 19), but reported that they were unable to reach an agreement to settle. *See* Reports (Docket Entry Nos. 21 and 25). Although Plaintiff's motion for expedited discovery was denied, *see* Order entered May 30, 2019 (Docket Entry No. 29), Defendant responded to initial discovery requests from Plaintiff, *see* Response (Docket Entry No. 26) at 5-9, and a scheduling order was entered. *See* Docket Entry No. 30. Defendant thereafter filed the pending motion to dismiss and/or for summary judgment. By Order entered June 28, 2019 (Docket Entry No. 37), the parties were advised that the Court, in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, would construe the motion only as a motion for summary judgment brought under Rule 56 of the Federal Rules of Civil Procedure. Upon Defendant's motion, to which Plaintiff stated she had no opposition, the Court stayed the scheduling order deadlines pending resolution of Defendant's motion for summary judgment. *See* Order entered July 17, 2019 (Docket Entry No. 42).

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant supports its motion for summary judgment with a statement of undisputed facts (Docket Entry No. 33), with the declaration (Docket Entry No. 34-1) and amended declaration (Docket Entry No. 36-1) of Corey Hammonds, the Chief Credit Officer for Citizens Bank, and with copies of numerous documents related to the Loan (Docket Entry Nos. 34-2 to 34-20 and 36-2).

Defendant acknowledges that it stopped sending Plaintiff statements during her bankruptcy and that she now questions the accounting on the Loan. However, Defendant asserts that Plaintiff is currently in default on the Loan, having stopped making payments in March 2019 and that demand letters have been sent to her advising her of the potential for a foreclosure on the Property because of her default. Defendant asserts that a loan history statement has been provided to Plaintiff and argues that Plaintiff's allegations fail to support a breach of contract claim because she has not shown that Defendant committed a material breach of the Loan or shown that funds that she has paid have not been applied to the amount that she owes under the Loan. *See* Memorandum in Support (Docket Entry No. 32) at 17-24. Defendant further argues that Plaintiff has not shown that she has suffered any actual damages due to a breach of contract, let alone any type of harm that would support exemplary damages. *Id*. With respect to Plaintiff's two claims of alleged violations of federal statutory and regulatory laws, Defendant argues that (1) it is not liable for Regulation Z violations relating to sending out statements because it is a "small servicer" that is exempt from the obligation to send statements and because a private right of action does not exist under this provision and (2) it is not a debt collector under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*, and thus cannot be deemed liable for the alleged violations of the FDCPA. *Id*. at 15-17.

Plaintiff filed a response in opposition to the motion, *see* Response (Docket Entry No. 43), as well as a response to Defendant's statement of undisputed facts. *See* Docket Entry No. 40. Plaintiff also supports her response with 60 pages of documents related to the Loan and the Property and related to her interactions with Defendant. *See* Docket Entry No. 43-1. Plaintiff's response is

devoted primarily to pointing out examples of what she contends are genuine issues of material fact concerning her breach of contract claim, including: questions about when and how many statements were sent to Plaintiff; asserted inaccuracies in "figures throughout the contract" and about the interest rate charged; misrepresentations about "interest rates, refunds, payments of property taxes and mortgage insurance;" and asserted inaccuracies in the settlement statement and escrow statement. *See* Response at 3-7. Plaintiff asserts that Defendant has "engaged in deceptive business conduct and actions" and has provided her with false information, correcting information only after she filed her lawsuit. *Id*. at 3 and 6-7. Although Plaintiff makes general statements that Defendant has committed "federal statutory violations" and that the contract "breaches regulatory provisions," *id*. at 3, she does not directly address the legal arguments made by Defendant for dismissal of the two federal claims raised in her complaint.

Defendant's reply argues that Plaintiff: (1) has not disputed with admissible evidence the Loan history, Loan accounting, or amounts stated in the most recent Loan billing statements; (2) has not set forth proof showing a breach of contact or that she suffered any actual damages; and, (3) has not shown that she has viable claims under the FDCPA or the TILA. *See* Reply (Docket Entry No. 47) at 1-3, 5-6, and 8-11. Defendant further contends that Plaintiff's response to its statement of undisputed facts is improper because Plaintiff's denials consists of the word "deny" to each of Defendant's statements and are unsupported by any specific citations to the record or evidence, as is required by Rule 56.01(c) of the Local Rules of Court, *id*. at 6-7, and that several of the documents filed by Plaintiff are not properly authenticated, are incomplete, and are objectionable. *Id*. at 7-8. Attached to Defendant's reply is a second declaration of Corey Hammonds (Docket Entry No. 48). Plaintiff filed an objection to the second declaration of Corey Hammonds. *See* Docket Entry No. 52.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. ANALYSIS

A. Motion for Summary Judgment

Summary judgment is properly granted to Defendant on Plaintiff's two federal claims. With respect to these claims, the Court first notes that Plaintiff does not actually set out specific and clearly identified claims but, instead, merely makes a general allegation that Defendant has violated "Title 12, 12 CFR 1026 (Regulation Z), et al., Special Rules for Certain Mortgage Transactions," and "12 CFR Part 1006 (Regulation F), et al., Fair Debt Collection Practices." *See* Complaint at ¶¶ 3, 4, 30, and 45. Such a pleading tactic is problematic because it fails to notify both the Court and the opposing party of exactly what federal statutory or regulatory provision is purported to have been violated. In the face of such a vague and general allegation, the Court is not required to create and

6

set out Plaintiff's claims for her. *See Brown v. Matauszak*, 415 Fed.App'x. 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in [her] pleading.") (internal quotation marks omitted); *Payne v. Secretary of Treas.*, 73 Fed.App'x. 836, 837 (6th Cir. 2003) ("[n]either this court nor the district court is required to create [the plaintiff's] claim for her"); *Meadows v. Caliber Home Loans*, 2019 WL 1242667 at *4 (M.D.Tenn. Mar. 18, 2019) (Crenshaw, J.) ("the Court is essentially left to guess what specific acts [Defendant] is alleged to have taken that constitute violations of the FDCPA").

Plaintiff's *pro se* status does require the Court to apply a certain measure of liberal construction to her complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even if the Court applies a liberal construction to Plaintiff's complaint and gleans from the complaint what the likeliest claims may be, dismissal is warranted because Plaintiff's ostensible federal claims lack legal merit.

With respect to Plaintiff's assertion of a violation of "12 CFR Part 1006 (Regulation F), et al., Fair Debt Collection Practices," this assertion fails to state a viable cause of action. Regulation F is a narrow regulatory provision that sets out the procedures that states use to apply to the Bureau of Consumer Financial Protection ("the Bureau") for exemptions from the FDCPA of certain classes of debt collection practices. The regulation is simply not applicable to the facts alleged by Plaintiff, nor does it provide for a private cause of action. Even if the Court ignores Plaintiff's specific reference to Regulation F and construes the complaint as asserting a claim for an unspecified violation of the FDCPA, such a claim would suffer from a significant and fatal shortcoming because Defendant, as the creditor for the Loan at issue, is not a debt collector that falls within the scope of the FDCPA. *See* 15 U.S.C. § 1692(a)(6) ("The term 'debt collector' means any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); *Joyner v. MERS*, 451 Fed.App'x 505, 507 (6th Cir. 2011) ("a creditor is not a debt collector under the FDCPA."); *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007).

7

Plaintiff also alleges a violation of "Title 12,12 CFR 1026 (Regulation Z), et al., Special Rules for Certain Mortgage Transactions." The regulatory provisions commonly referred to as Regulation Z and currently found at 12 C.F.R. §§ 1026.1 to 1026.61 were issued to implement the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. Although Plaintiff refers to the subpart of Regulation Z set out at "Subpart E - Special Rules for Certain Home Mortgage Transactions," 12 C.F.R. §§ 1026.31 to 1026.44, she fails to identify any specific regulatory provision that she contends was violated by Defendant. However, when liberally construed, her allegation that she was not provided with loan statements can be viewed as asserting a claim under 12 C.F.R. § 1026.41, which requires that, subject to certain exemptions, periodic statements be provided to a consumer for mortgage loans. Plaintiff's claim fails, however, because Defendant shows that it falls within the exemption provided to "small servicers" under 12 C.F.R. § 1026.41(e)(4). *See* Memorandum at 15; Declaration of Hammonds at ¶ 1. Plaintiff has offered no basis upon which to conclude that this exemption does not apply.[4] The blanket denial, contained in Plaintiff's response to Defendant's Statement of Undisputed Facts, that Defendant is a small servicer under 12 C.F.R. § 1026.41(e)(4), *see* Docket Entry No. 40-1 at ¶ 1, is unsupported by any evidence and is entirely conclusory. Such a denial fails to raise a genuine issue of material fact.

Plaintiff's state law breach of contract claim is before the Court only pursuant to the exercise of supplemental jurisdiction over the claim under 28 U.S.C. § 1367(a). However, upon the dismissal of Plaintiff's two federal claims, there are no longer any claims before the Court over which the Court has original jurisdiction and the provisions of Section 1367(c) apply. Section 1367(c)(3) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if –

---

[4] Defendant also correctly argues that the predecessor version of 12 C.F.R. § 1026.41(e)(5), which was effective from January 10, 2014, to April 19, 2018, provided for an exemption to the periodic statement requirement if a consumer was a debtor in bankruptcy and applied until April 19, 2018, while Plaintiff's bankruptcy proceeding was pending. *See* Memorandum at 15-16. Plaintiff offers no rebuttal to this argument.

8

> . . . .
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal claims is left to the broad discretion of the Court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). There is a "strong presumption" against the exercise of supplemental jurisdiction once all federal claims have been dismissed, *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.App'x. 580, 584 (6th Cir. 2011), and although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); *Musson*, 89 F.3d at 1254-55.

In considering whether to exercise supplemental jurisdiction over state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in *Cohill*, 484 U.S. at 350-51, and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 350. In the instant action, the balance of factors weighs in favor of dismissal of Plaintiff's state law claim without prejudice so that the claim, which is premised upon issues of state law, can be pursued in the state courts if Plaintiff so wishes.

B. First Amended Complaint

At the same time that Plaintiff filed her response to Defendant's motion for summary judgment on July 30, 2019, she also filed a first amended complaint. *See* Docket Entry No. 44. Plaintiff expounds upon the allegations made in her original complaint, increases her request for exemplary damages to $450,000.00, and revises the legal claims that she brings against Defendant by: (1) reasserting her breach of contract claim with additional allegations; (2) revising her first

9

federal claim to allege that Defendant violated "Reg. Z, section 226.35(b)(1)" by failing to establish an escrow account for the payment of property taxes; (3) revising her FDCPA claim to assert that Defendant is liable under the Act because it retained a debt collection attorney who violated the Act; and, (4) adding claims under state law for intentional misrepresentation, deceptive business practices, and retaliation. *Id*. at 16-19. Plaintiff also asserts, for the first time, that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1). *Id*. at 5. It is apparent to the Court that Plaintiff attempts to revise her original complaint in light of Defendant's motion for summary judgment.

As correctly pointed out by Defendant in its response in opposition to the first amended complaint, *see* Response (Docket Entry No. 47) at 11-12, Plaintiff's first amended complaint is not properly before the Court. Plaintiff neither moved for leave to amend her complaint prior to filing the first amended complaint or obtained Defendant's written consent for the amendment, one of which she was required to do by Rule 15(a)(2) of the Federal Rules of Civil Procedure because more than 21 days have passed since Defendant filed its answer on April 23, 2019. Further, the first amended complaint is itself untimely under the Scheduling Order, which set a deadline of July 29, 2019, for the parties to move to amend the pleadings. *See* Docket Entry No. 30 at 2.

Nevertheless, given Plaintiff's *pro se* status and the fact that she states in the first amended complaint that she is "seeking the Court's permission to amend the original complaint," *see* Docket Entry No. 44 at 1, the Court shall construe Plaintiff's filing as a motion for leave to amend that essentially incorporates the content of her proposed first amended complaint.

Although Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," leave to amend may be denied for an "apparent or declared reason," *Foman v. Davis*, 371 U.S. 178 (1962), and a motion to amend should be denied if the proposed amendments would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Foman*, *supra*; *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir.

10

1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

Review of Plaintiff's first amended complaint shows that the amendment would be futile to the extent that Plaintiff seeks to assert new claims that would maintain her lawsuit in federal court. Her proposed new federal claims are legally flawed and do not save these claims from dismissal.[5] Further, Plaintiff's recent assertion that diversity jurisdiction exists in this case is unfounded and self-serving.

Plaintiff's assertion that Defendant violated "Reg. Z, section 226.35(b)(1)" by failing to establish an escrow account for the payment of property taxes lacks legal merit and fails to state a viable claim. 12 C.F.R. § 226.35 regulates "Prohibited acts or practices in connection with higher-priced mortgage loans." Plaintiff's reliance on this provision fails for several reasons. First, the actual regulatory citation to which she refers, 12 C.F.R. § 226.35(b)(1), provides that "[a] creditor

---

[5]The Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion; however, many of the district courts in the Sixth Circuit, including this Court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive). Nevertheless, addressing Plaintiff's putative motion to amend by separate order would lend even more confusion to this already convoluted litigation. Further, the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). The policy behind the futility argument is to prevent the expenditure of unnecessary effort and resources by both the parties and the court. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240-41 (6th Cir. 1984) ("[T]he concern for judicial economy, under the circumstances of this case, is particularly advanced through the futility doctrine."). Since this report and recommendation determines that Plaintiff's proposed first amended complaint could not survive a motion to dismiss and is therefore futile, addressing the motion to amend in this report and recommendation allows the District Judge to consider the viability of the first amended complaint at this juncture which furthers judicial economy.

shall not extend credit based on the value of the consumer's collateral without regard to the consumer's repayment ability as of the consummation as provided in § 226.34(a)(4)." This provision does not appear to have any relevance to the allegations made by Plaintiff. Second, the provisions of 12 U.S.C. § 226.35 only apply to "higher-priced mortgage loans," as that term is defined within the regulation, and Plaintiff has not shown that the Loan falls within this definition and, thus, within the scope of the regulation.

Even if the Court presumes that Plaintiff actually intends to refer to 12 C.F.R. § 226.35(b)(3), which prohibits a creditor from extending a loan secured by a first lien on a principal dwelling unless an escrow account for the payment of property taxes is established before consummation of the loan, and that the Loan falls within the scope of the regulation, a claim based upon this regulatory provision would be untimely. The statute of limitations for a claim based upon violations of the requirements of the TILA is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640. Because the violation at issue involves a regulatory requirement linked to the consummation of the credit agreement at issue, Plaintiff's TILA claim against Defendant for failing to set up an escrow account to pay for property taxes must have been brought within one year of when she entered into the Loan with Defendant and when the escrow account should have been established. *See Rudisell v. Fifth Third Bank*, 622 F.2d 243, 246 (6th Cir. 1980). The alleged violation by Defendant is a distinct event that occurred in June 2014 and triggered the running of the statute of limitations. Plaintiff's attempt to sue Defendant on this issue is several years too late.

Plaintiff's newly alleged FDCPA claim is likewise legally insufficient to state a viable claim against Defendant. A creditor, such as Defendant, that is not itself a debt collector cannot be deemed liable under the FDCPA based on a theory of vicarious liability because of the actions of another entity or attorney that it hires to collect a debt owed to the creditor. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996); *Havens-Tobias v. Eagle*, 127 F. Supp. 2d 889, 898 (S.D.Ohio 2001).

12

Case 3:19-cv-00265   Document 54   Filed 01/03/20   Page 12 of 14 PageID #: 672

Finally, the Court finds no merit in Plaintiff's recent assertion that diversity jurisdiction under 28 U.S.C. § 1332 exists over this lawsuit. Initially, Plaintiff fails to adequately assert in her first amended complaint that diversity jurisdiction exists because she does not actually allege the citizenship of each party and does not even allege that Plaintiff and Defendant are citizens of different states. Such shortcomings in a jurisdictional statement renders it insufficient to assert diversity jurisdiction. *See Wachter, Inc. v. Cabling Innovations, LLC*, 387 F.Supp.3d 830, 844 (M.D.Tenn. 2019); *Anthony v. Madden*, 2007 WL 307576 at *2 (M.D. Tenn. Jan. 29, 2007) (Echols, J.).

Even if Plaintiff's jurisdictional statement was properly asserted, one threshold factor required by diversity jurisdiction is that the lawsuit be between "citizens of different States." 28 U.S.C. § 1132(a)(1). A corporation is deemed to be a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. 1332(c)(1); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). "Although Plaintiff acknowledges that Defendant is a business located in Tennessee, *see* Complaint at ¶ 9; First Amended Complaint at ¶ 12, and actually appears to acknowledge that Defendant's state of incorporation is Tennessee, *see* Docket Entry No. 44-1 at 43, she argues that "[it] has holdings outside the state of Tennessee", *see* First Amended Complaint at ¶ 9, which she apparently contends renders it a non-citizen of Tennessee for the purposes of determining diversity jurisdiction. However, Plaintiff offers no legal support for such a novel contention. Plaintiff simply fails to offer any basis upon which to conclude that complete diversity of citizenship exists between her and Defendant.

Given that (1) Plaintiff's first amended complaint would be futile as to any federal claims that would support original jurisdiction and futile as to her assertion of diversity jurisdiction and (2) the Court declines to exercise supplemental jurisdiction over the state law breach of contract claim asserted in Plaintiff's original complaint, the Court finds it unnecessary to further address the viability of any state law claims contained in the proposed first amended complaint.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1) the motion for summary judgment (Docket Entry No. 31) of Defendant Citizens Savings and Trust Company d/b/a Citizens Bank the motion to dismiss be GRANTED with respect to all federal claims brought in this action and that these claims be DISMISSED WITH PREJUDICE;

2) the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim;

3) Plaintiff's motion for leave to amend be DENIED; and,

4) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

14